BENKE, J., Dissenting.
Our Supreme Court in Cleveland National Forest Foundation v. San Diego Association of Governments (2017) 3 Cal.5th 497, 504, 220 Cal.Rptr.3d 294, 397 P.3d 989 ( Cleveland II ), held that defendant San Diego Association of Governments (SANDAG) did not abuse its discretion by refusing in a 2011 environmental impact report (EIR), which accompanied its 2050 Regional Transportation Plan and Sustainable Communities Strategy (Plan), to engage in an analysis of consistency of projected 2050 regional greenhouse gas (GHG) emission impacts with the state-wide reduction goals set forth in a 2005 Executive Order issued by then Governor Schwarzenegger.
*448 In reaching its decision, the Supreme Court noted that the majority's November 24, 2014 opinion, as modified on December 16, 2014 ( Cleveland National Forest Foundation et al. v. San Diego Association of Governments et al. (2014) ---Cal.App.4th ----, 180 Cal.Rptr.3d 548 [nonpub opn.] ( Cleveland I )), identified additional alleged deficiencies in the 2011 EIR other than the consistency analysis of GHG emission impacts out to 2050. ( Cleveland II , supra , at p. 519, 220 Cal.Rptr.3d 294, 397 P.3d 989.) With respect to these alleged additional deficiencies, the Supreme Court "express[ed] no view on how, if at all, [its] opinion affect[ed] their disposition." ( Ibid. )
Following remand, Cleveland National Forest Foundation, Sierra Club, Center for Biological Diversity, Creed-21, and Affordable Housing Coalition of San Diego County (plaintiffs), along with intervenor State of California (State), moved this court to reissue Cleveland I as modified by the Supreme Court in Cleveland II . Plaintiffs and State contended Cleveland I as modified allegedly continues to provide "important guidance on issues that are very likely to recur and that are of continuing public interest throughout the state."
SANDAG opposed this request, arguing Cleveland I was moot. In support of this argument, SANDAG noted that the 2011 EIR had been superseded by a 2015 EIR that accompanied SANDAG's 2015 Plan, as was recognized by the Supreme Court in Cleveland II ( *622 Cleveland II , supra , 3 Cal.5th at pp. 510-511, 220 Cal.Rptr.3d 294, 397 P.3d 989 ); that in preparing the 2015 EIR, SANDAG had considered Cleveland I ; that the 2015 EIR included updated information and analysis, as was also recognized by the Supreme Court in Cleveland II ( id. at p. 518, 220 Cal.Rptr.3d 294, 397 P.3d 989 ); and perhaps most importantly, that neither plaintiffs nor State challenged the 2015 EIR.
The majority agrees with plaintiffs and State and thus has reissued Cleveland I as modified by Cleveland II . (For ease of reference, I will refer to modified Cleveland I as "Cleveland III .") In explaining why Cleveland III allegedly is not moot, the majority notes that "there is no evidence [in the record] indicating the [2011] EIR ... has been decertified and can no longer be relied upon for the current version or future versions of the [2050] transportation plan," and also that "there is no evidence indicating these environmental review documents [associated with the 2015 Plan and EIR] addressed this court's concerns about any of the [2011] EIR's other analytical deficiencies."
Thus, the majority concludes Cleveland III "may still be able to provide [plaintiffs] and [State] with effective relief because correcting the defects in the [2011] EIR may result in modifications to the current version or future versions of the [2050] transportation plan." (Italics added.) In reaching this conclusion, the majority notes that SANDAG will have an "opportunity to demonstrate whether and how it may have already *449 addressed the [2011] EIR's identified deficiencies when it submits its return to the peremptory writ of mandate."
I oppose reissuing Cleveland I as modified (i.e., Cleveland III ) because I conclude the superseded 2011 EIR is most likely moot as a result of the certification of the 2015 EIR accompanying the 2015 Plan.[1] I say "most likely" because the determination of whether the case is moot (or partially moot) should be made by the trial court on remand and not by this court.
The majority's reasoning in support of issuing Cleveland III actually supports remand of the mootness issue to the trial court. As noted, the majority reasoned there is "no evidence" that the 2011 EIR "can no longer be relied upon for the current version or future versions of the [2050] transportation plan." While this may be true (even though the 2011 EIR relies on stale facts and law that are no longer current), by the same reasoning the opposite also may be true. As a court of review, we do not know whether one or more of the remaining issues in the 2011 *623 EIR is moot because our record is insufficient to make that determination.
I, for one, am unwilling to speculate on whether plaintiffs and State may or may not be afforded "effective relief" by issuing Cleveland III , particularly when these remaining issues are predominately factual as the majority correctly notes. (See Maj. Opn., p. ---- [whether the 2011 EIR adequately addressed mitigation for the 2011 Plan's GHG emissions]; p. ---- [whether the 2011 EIR's analysis of project alternatives was reasonable]; and pp. ----, ---- [whether the 2011 EIR's analysis of air quality impacts was reasonable].) Of course, we can eliminate the guesswork and alleviate the confusion Cleveland III may potentially create, including on the issue of which party or parties, if any, prevailed in the litigation, simply by sending the case back to *450 the trial court.[2] On remand, the court then can receive additional evidence and briefing on the mootness issue and resolve the case accordingly.

" ' "[A]lthough a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character, it becomes a moot case or question which will not be considered by the court." ' [Citations.]" (Consumer Cause, Inc. v. Johnson & Johnson(2005) 132 Cal.App.4th 1175, 1183, 34 Cal.Rptr.3d 258.) However, as the Supreme Court in Cleveland II recognized, a moot question need not be dismissed if it "presents an important question of law that is likely to recur yet evade review...." (Cleveland II, supra, 3 Cal.5th at p. 511, 220 Cal.Rptr.3d 294, 397 P.3d 989, italics added.) Conversely, courts of review also recognize that they should refrain from exercising their inherent discretion to revolve moot issues on appeal that are largely factual. (See e.g., Giles v. Horn(2002) 100 Cal.App.4th 206, 228, 123 Cal.Rptr.2d 735 ["Because plaintiffs' claim is a particularly factual determination that must be resolved on a case-by-case basis, dependent upon the specific facts of a given situation, it is not one on which we would exercise our discretion to address on the merits, despite the fact that it is moot"].) Here, it appears none of the remaining issues addressed by the majority in Cleveland III involve questions of law, much less "important" ones. (See Cleveland II, at p. 511, 220 Cal.Rptr.3d 294 397 P.3d 989.)

It is axiomatic that the question of whether a party is a prevailing party is best left to the trial courts. (Nestande v. Watson(2003) 111 Cal.App.4th 232, 238, 4 Cal.Rptr.3d 18 [whether a party has met the statutory requirements for an award of attorney fees is a question best decided by the trial court in the first instance]; Schmier v. Supreme Court(2002) 96 Cal.App.4th 873, 877-878, 117 Cal.Rptr.2d 497 [whether one is a prevailing party for purposes of Code of Civ. Proc., § 1021.5 is a factual pragmatic inquiry generally left to the trial court].) This is yet another reason for the case to be remanded, as I disagree with Cleveland III's award of costs to plaintiffs and State because SANDAG prevailed on what I and the trial court in its November 30, 2012 order considered to be the overarching issue in this case that was decided by the Supreme Court in Cleveland II .